Canales-Canales v. Garland

BIA
Poczter, IJ
A209 288 324/323

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WELSEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

RUTH ELIZABETH CANALES-CANALES,
Y. D. T-C,
*Petitioners*,

v.                                    20-844
                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

---

FOR PETITIONERS:           Rosmarie A. Barnett, Freeport,
                           NY.

FOR RESPONDENT:            Jeffrey Bossert Clark, Acting
                           Assistant Attorney General;

Melissa Neiman-Kelting, Assistant Director; Allison Frayer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruth Elizabeth Canales-Canales and her minor son, natives and citizens of El Salvador, seek review of a February 6, 2020 decision of the BIA denying their motion to remand and affirming a March 26, 2018 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT"). *In re Ruth Elizabeth Canales-Canales*, Y. D. T-C, Nos. A209 228 324/323 (B.I.A. Feb. 6, 2020), *aff'g* Nos. A209 228 324/323 (Immig. Ct. N.Y.C. Mar. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We consider only the BIA's denial of the motion to remand because Canales-Canales does not otherwise challenge the agency's decisions. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Her sole argument is

2

that the BIA erred in declining to remand because her counsel before the IJ was ineffective.  We review the BIA's denial of a motion to remand for abuse of discretion.  *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

To prevail on a claim of ineffective assistance of counsel, Canales-Canales had to show "that competent counsel would have acted otherwise," and "that [s]he was prejudiced by [her] counsel's performance."  *Rabiu v. I.N.S.*, 41 F.3d 879, 883 (2d Cir. 1994) (quoting *Esposito v. I.N.S.*, 987 F.2d 108, 111 (2d Cir. 1993)).  To show "actual prejudice," she had to establish her prima facie eligibility for the requested relief.  *Id.* at 882.

In rejecting the ineffective assistance of counsel claim, the BIA concluded that Canales-Canales failed to show prejudice because her newly proposed social group—"Salvadoran women seen by individual gang members as their partner"—was not cognizable. And, even if cognizable, the BIA found that she did not overcome the IJ's finding that she failed to demonstrate that the gang member she feared was motivated to harm her on account of her membership in a group rather than general criminal motives.  The Government correctly argues that Canales-Canales does not challenge the BIA's specific

3

findings. Rather, she argues that she satisfied the procedural requirements for raising an ineffective assistance of counsel claim, but that was not an issue the BIA reached and thus is not before us. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). She also argues that the BIA should have addressed whether counsel's performance was deficient before deciding prejudice, but the BIA was not required to reach that issue given the dispositive prejudice finding. *See Rabiu*, 41 F.3d at 882-83; *see also I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Finally, although Canales-Canales contends that the BIA failed to address prejudice properly, she simply reiterates the bases for counsel's allegedly deficient performance—failure to prepare or submit evidence—rather than challenges the BIA's finding she was not prejudiced because her proposed social group was not cognizable. Accordingly, Canales-Canales has waived review of this dispositive determination. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Were we to reach the BIA's prejudice determination, we would find no error.  To constitute a "particular social group" within the meaning of the INA, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). As the BIA determined, Canales-Canales's group was not defined with particularity given that the boundaries of the group were narrowed only by the subjective phrase, "[w]omen seen by individual gang members as their partner," which does not "provide a clear benchmark for determining who falls within the group."  *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239; *see also Paloka*, 762 F.3d at 196 ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." (internal quotation marks omitted)); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (concluding that wealth was too subjective and variable a metric to define the boundaries of a particular social group).

Further, Canales-Canales did not show how counsel could have overcome the IJ's finding that she failed to establish the requisite nexus between a feared harm and a particular social group. Canales-Canales testified that an individual gang member threatened her because he wanted to be her romantic partner, not because she was a member of a particular social group. *See Paloka*, 762 F.3d at 196–97 ("After an individual shows that she is a member of a cognizable social group, she must demonstrate that the persecution was on account of her membership in that particular social group. . . . Whether the requisite nexus exists depends on the views and motives of the persecutor."); *see also Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6